UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
SHEET METAL WORKERS' LOCAL UNION NO. 80
PENSION TRUST FUND; SHEET METAL WORKERS'
LOCAL UNION NO. 80 ANNUITY FUND; SHEET
METAL WORKERS' LOCAL UNION NO. 80 INSURANCE
TRUST FUND; and the SHEET METAL WORKERS' LOCAL
UNION NO. 80 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND,

    Plaintiffs,

            Case No.

v.

            Hon.

MJ MECHANICAL SERVICES, INC.,

    Defendant.
_____/
WATKINS, PAWLICK, CALATI & PRIFTI, PC
EDMOND PRIFTI (P71997)
JOSEPH W. UHL (P68990)
Attorneys for Plaintiffs
1423 E. 12 Mile Rd.
Madison Heights, MI 48017
(248) 658-0800
_____/

## COMPLAINT

The above-named Plaintiffs, by and through their attorneys, WATKINS, PAWLICK, CALATI & PRIFTI, PC, complain as follows:

1. Plaintiffs Trustees of the SHEET METAL WORKERS' LOCAL UNION NO. 80 PENSION TRUST FUND, the SHEET METAL WORKERS' LOCAL UNION NO. 80 ANNUITY FUND, the SHEET METAL WORKERS'

1

LOCAL UNION NO. 80 INSURANCE TRUST FUND and the SHEET METAL WORKERS' LOCAL UNION NO. 80 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND (collectively "Funds"), are the Trustees of the Funds which were established through collective bargaining and are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §186, et seq., and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, et seq. Plaintiffs maintain their principal offices in the City of Troy, County of Oakland, State of Michigan..

2. Defendant MJ MECHANICAL SERVICES, INC., is a Michigan corporation doing business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in the City of St. Charles, County of Saginaw, State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("Agreements") negotiated by Sheet Metal Workers' Local Union No. 80, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29

USC §1002(12), and SMACNA Metropolitan Detroit Chapter, to which to which Defendant is obligated to comply.

4.  Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which the Local Funds are administered.

5.  Defendant is bound by the fringe benefit provisions of the Agreements, copies of which are in Defendant's possession.

6.  Defendant also is and has been bound by the terms of the applicable trust agreements incorporated by reference in the Agreements.

7.  Defendant became obligated to make contributions to the Plaintiffs with respect to covered work performed by and wages paid to employees of Defendant, and to submit its books and records to Plaintiffs for periodic inspection and audit.

8.  Despite repeated demands, Defendant has failed and refused to submit all requested books and records for inspection and audit.

9.  The amount of Defendant's indebtedness for delinquent contributions, if any, cannot be determined until Defendant submits its complete books and records for inspection and audit.

19.     Defendant has incurred $2,565.88 in liquidated damages arising from late payment of contributions (late payment assessments) for the work weeks ending July 18, 2021 through September 5, 2021.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor containing the following provisions:

A.     Adjudicating that Defendant is bound to pay contributions to Plaintiffs for the benefit of the Funds as alleged in this Complaint;

B.     Requiring Defendant to make available to an auditor appointed by Plaintiffs all of the books, records and accounts of, without any limitation whatsoever, for the period of January 2018 to the date of said audit, and to pay for the cost of auditing said books;

C.     Awarding Plaintiffs all amounts such audit reveals as owed by Defendant to Plaintiffs including delinquent contributions and liquidated damages (including liquidated damages arising from audit and liquidated damages arising from late payment), costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to 29 USC 1132(g)(2) and Plaintiffs' plan documents; and

D.     Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

                        WATKINS, PAWLICK, CALATI & PRIFTI, PC

                        BY: s/ Joseph W. Uhl
                        JOSEPH W. UHL (P68990)
                        Attorney for Plaintiffs
                        1423 E. 12 Mile Rd.
                        Madison Heights, MI 48017
                        (248) 658-0800
                        juhl@wpcplaw.com

Date:  February 3, 2022